**Norman C. ECKERSLEY; Rosemary J. Eckersley, Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 08–70934.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2009.*

Filed June 16, 2009.

John M. Youngquist, Esquire, Law Offices, San Francisco, CA, for Petitioners–Appellants.

Jonathan Cohen, Esquire, Karen G. Gregory, Esquire, Richard T. Morrison, Esquire, John A. Nolet, DOJ–U.S. Department of Justice, Robert R. Di Trolio, Esquire, Donald L. Korb, Esquire, Acting Chief Counsel, Washington, DC, for Respondent–Appellee.

Before: TROTT, McKEOWN and IKUTA, Circuit Judges.

MEMORANDUM **

Although the burden of proving that the proceeds of a settlement are capital gains is on the taxpayer, *Milenbach v. Comm'r*, 318 F.3d 924, 933 (9th Cir.2003), the Eckersleys adduced no evidence that they owned the policy or that the premiums paid by Pacific were recognized by the Eckersleys as income. They therefore could not prove that the payment of the settlement was in lieu of the "sale or exchange of a capital asset." 26 U.S.C. § 1222; *Milenbach*, 318 F.3d at 932. Because a "precondition to realizing a long-term capital gain is the ownership of a capital asset," *Trantina v. United States*, 512 F.3d 567, 573 (9th Cir.2008), the Tax Court correctly found that the settlement payment was ordinary income rather than capital gains.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.